### VACUNA SALES CO. v. REGENT THEATRE

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

COURTS (§ 189*)—MUNICIPAL COURT—JUDGMENT—OPENING DEFAULT—TERMS.
    Where a default judgment is taken in a Municipal Court, and an inquest had in good faith, without knowledge of a sufficient excuse of defendant for his failure to appear, the default should have been opened on terms.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 64 Hun, 639.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Vacuna Sales Company against the Regent Theatre. From an order denying a motion to open a default judgment in the Municipal Court, defendant appeals. Reversed, judgment vacated, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Simon Seley, of Brooklyn, for appellant.

George Ryall, of New York City, for respondent.

PER CURIAM. The defendant, upon the return of the order to show cause why his default should not be opened, gave a good and sufficient excuse for his failure to appear and file an answer. The reason for his failure to appear was not known to the plaintiff's attorney, nor to the trial justice, and the taking of the inquest was therefore proper. The default should have been opened upon terms.

Order reversed, judgment vacated, and new trial ordered, upon payment of the sum of $10 in the court below; costs of the appeal to the appellant to abide the event.